IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUSTIN GREENWOOD,                )
    Plaintiff               )
                                 )
vs.                              )    C.A.No. 08-175Erie
                                 )
GREG HULL                        )    Magistrate Judge Baxter
    Defendant.              )


# MEMORANDUM OPINION [1]

On June 18, 2008, Plaintiff, currently a state prisoner incarcerated at the State Correctional Institution at Camphill filed the instant action *pro se*. Plaintiff has named Greg Hull, a Correctional Officer at the Erie County Prison, as the **only** Defendant to this action.

In his complaint, Plaintiff alleges that on May 20, 2008, he had a disagreement over the dress code with Officer Dan Huff (who is not named as a defendant in this action). Document # 3, page 3. Later that same day, when Plaintiff asked Defendant Greg Hull for a grievance form, Defendant Hull responded "that he was not authorized and could not give me a grievance form." Id. Next, Captain Fuhrman (who is also not named as a defendant) indicated to Plaintiff that Defendant Hull would have a grievance form for Plaintiff. Id. at 4.

Further, Plaintiff alleges that on May 27, 2008, Captain Fuhrman called Plaintiff to Defendant Hull's office and told him that his issue (regarding the harrassment by Officer Huff

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. Documents ## 4, 10.

1

about the dress code) was not grievable. Captain Fuhrman then dismissed Plaintiff without giving him a copy of the grievance form. Id.

Plaintiff claims that his unspecified constitutional and statutory rights were violated by Defendant Greg Hull. As relief, Plaintiff seeks monetary damages, as well as the firing of Defendant Greg Hull. Id.

Defendants have filed a motion to dismiss, along with supporting documentation. Document # 11. Despite being given the opportunity to do so, Plaintiff has not filed a brief in opposition to the pending dispositive motion. The issues are ripe for disposition by this Court.

A.  **Standards of Review**

    1.  ***Pro se*** **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.

12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d

Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at ___, 127 S. Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at ___, 127 S.Ct. at 1965 n.3.

### 3. Motion for summary judgment

Defendants have submitted evidence in support of their motion to dismiss. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary

judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574

(1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.  Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

B.     **The Prison Litigation Reform Act**

As one of Defendant's alternative bases for dismissal, Defendant argues that this case should be dismissed because Plaintiff has failed to exhaust his administrative remedies in accordance with the requirements of the PLRA.  As this is a threshold inquiry, this Court will address this argument first.

### 1. The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[1] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the

---

[1] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.")

administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Woodford, 548 U.S. at 83. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, ____, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. Id.

### 2. The Administrative Process Available to Erie County Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance

8

procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at ____, 127 S.Ct. at 922-23.

The Erie County Prison has established a multi-tier system whereby an inmate may seek formal review of aspects of his imprisonment. The inmate grievance procedure is detailed in Policy 510-01, effective February 28, 2004. The written policy indicates that, initially "inmates should first attempt to verbally resolve grievances, incidents, problems, or complaints through their housing unit staff." Id. If the issue is not resolved informally, the inmate may file a written grievance with the inmate's counselor within fifteen days following the event. Id. The policy further provides that within twenty days of the filing of the grievance, the inmate shall receive a written response. Id. In the event the inmate is unhappy with the initial result of the grievance, he may appeal within five working days to the Warden, who shall make a determination on the appeal within ten working days. Id.

### 3. Analysis

Defendant argues that Plaintiff has failed to exhaust his administrative remedies related to the events outlined in the complaint. In support of his motion to dismiss, Defendant Hull has provided evidence to support his position that Plaintiff has failed to exhaust his administrative remedies. Document # 11-2, Declaration of Deputy Warden James Senyo, pages 1-2. The evidence reveals that Plaintiff submitted "a grievance through Defendant Greg Hull on May 22, 2008, regarding a verbal confrontation he had with Correctional Officer Frank Huff." Id. at page 1, ¶ 4. The evidence shows that the grievance, numbered C3B, is authored by Defendant

Hull and details the dress code infraction and the subsequent verbal exchange between Plaintiff and Correctional Officer Huff.  Id. at page 4.

However, this evidence is not relevant to the necessary inquiry here.  In the complaint, Plaintiff alleges that the conduct of Defendant Greg Hull violated his constitutional rights when Hull denied Plaintiff grievance forms on May 20, 2009.  So, whether Plaintiff was later able to file a grievance as to the verbal confrontation with Correctional Officer Huff is of no moment to the issue of whether Plaintiff has exhausted his administrative remedies as to Defendant Hull's allegedly unconstitutional behavior in initially denying Plaintiff the grievance forms.

Defendant has provided no information or evidence as to whether Plaintiff exhausted his administrative remedies regarding Defendant Hull's denial of grievance forms on May 20, 2009, and therefore, the failure to exhaust cannot serve as the basis for the dismissal of this case.

### C.     Due Process

Next, Defendant argues that Plaintiff's case should be dismissed because he has failed to state a claim upon which relief may be granted.  This Court agrees.

Plaintiff does not specify what constitutional rights he believes have been violated by Defendant Hull's conduct, but liberally construing the allegations of the *pro se* complaint as we must, this Court believes Plaintiff may be attempting to set forth a due process claim.[2]

The due process clause, guaranteed through the Fourteenth Amendment of the United

---

[2] Even liberally construing Plaintiff's complaint, this Court does not find an Eighth Amendment claim therein.  So then, this Court need not address Defendant's argument that Plaintiff fails to state an Eighth Amendment claim.

States Constitution, provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. V; XIV. The Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government. The "procedural" aspect of the Due Process Clause requires the government to follow appropriate procedures to promote fairness in governmental decisions; while the "substantive" aspect of the Clause bars certain government actions regardless of the fairness of the procedures used to implement them so as to prevent governmental power from being used for purposes of oppression. Daniels v. Williams, 474 U.S. 327, 329-33 (1986).

### 1) Substantive due process

The constitutional right to "substantive due process" protects individuals against arbitrary governmental action, regardless of the fairness of the procedures used to implement them. Foucha v. Louisiana, 504 U.S. 71, 80 (1990). See also Wolff v. McDonnell, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government.").

The Supreme Court has declined to set forth a precise rule that defines the exact scope of impermissible "arbitrary" conduct for purposes of applying the substantive component of the Due Process Clause. County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (clarifying that governmental conduct does not violate a person's substantive due process rights unless it amounts to an abuse of official power that "shocks the conscience."). See generally Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125 (1992) ("As a general matter, [this] Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended. The doctrine of

11

judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.").

The Third Circuit has explained that "the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberate indifference.[3]'" Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). See also Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).

A two-day delay in receiving a grievance form does not rise to the level of egregiousness that supports a substantive due process claim. Accordingly, to the extent that Plaintiff is attempting to state a claim of substantive due process, the claim fails to state a claim upon which relief may be granted and it will be dismissed.

### 2) Procedural due process

The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing, before the government can

---

[3] Importantly, this "deliberate indifference" is not the same as a deliberate indifference analysis under the rubric of the Eighth Amendment. Under the Eighth Amendment analysis, the prisoner must demonstrate "that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). This element is satisfied when the alleged "punishment" is "objectively sufficiently serious." Id. Second, the prison officials involved must have a sufficiently culpable state of mind. Id. at 838. See also Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (explaining the precepts taken from Farmer v. Brennan and Hamilton v. Leavy, 117 F.3d 742 (3d Cir. 1997)); Conn v. Bull, 2009 WL 136565, at *2 n.2 (3d Cir. Jan. 21, 2009) quoting Kaucher v. County of Bucks, 455 F.3d 418, 428 n. 5 (3d Cir.2006) (opining that the Third Circuit has "yet to determine whether deliberate indifference, outside the context of the Eighth Amendment, is governed by an objective or a subjective standard.").

deprive an individual of a liberty or property interest. To establish a procedural due process violation, a person must demonstrate that he has been deprived of a constitutionally-protected property or liberty interest. Daniels, 474 U.S. at 339. If a person does not have a constitutionally-protected interest, he is not entitled to the procedural protections afforded by the Due Process Clause.[4]

A constitutionally-protected interest may arise either from the Due Process Clause itself, or from a statute, rule, or regulation. Hewitt v. Helms, 459 U.S. 460, 466 (1983). It is well settled that "an inmate has no constitutional right to a grievance procedure." Johnson v. Rush, Slip Copy, 2009 WL 237187, at * 2 (3d Cir. Feb. 3, 2009) quoting Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991). So, the delay in receiving grievance forms cannot support a procedural due process claim.

Because no liberty interest is implicated, Plaintiff is not entitled to the procedural protections of the Due Process Clause. Accordingly, Plaintiff cannot support a claim based upon a violation of his procedural due process rights and so, the motion to dismiss will be granted in this regard.

An appropriate Order follows.

---

[4] If a liberty interest is found, the next step in the due process inquiry is to determine what process is due. "Due process ... is not a technical conception with a fixed content unrelated to time, place and circumstances." Gilbert v. Homar, 520 U.S. 924, 930 (1997). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1972). At a minimum, due process requires notice and the opportunity to be heard. Paul v. Davis, 424 U.S. 693, 724 (1976) ("Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.").

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**JUSTIN GREENWOOD,**     )
    **Plaintiff**     )
                          )
vs.                       )     C.A.No. 08-175Erie
                          )
**GREG HULL**             )     **Magistrate Judge Baxter**
    **Defendant.**    )

## O R D E R

AND NOW, this 18th day of March, 2009;

IT IS HEREBY ORDERED that Defendants' motion to dismiss [Document # 11] is GRANTED. The Clerk of Courts is directed to close this case.

                                      S/ Susan Paradise Baxter
                                      SUSAN PARADISE BAXTER
                                      Chief United States Magistrate Judge